

**FILED & ENTERED**

MAR 21 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Philip Dennis Gardner and Andrea Ruth Bowen-Gardner,<br><br>                              Debtor(s) | Case No.:    2:23-bk-15827-NB<br>Chapter:       13<br><br>**MEMORANDUM DECISION RE: PLAN CONFIRMATION**<br><br>Hearing:<br>Date:   March 14, 2024<br>Time:   9:30 a.m.<br>Place:  Courtroom 1545<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br>(and via Zoomgov per posted procedures) |

At the above-captioned hearing this Court made oral findings of fact and conclusions of law and confirmed Debtors' second amended proposed chapter 13 Plan (dkt. 43).  *See* 11 U.S.C. § 1325 *and* Rule 52(a)(1) (Fed. R. Civ. P., incorporated by Rules 7052 and 9014(c), Fed. R. Bankr. P.).  As set forth at greater length orally on the record, those findings and conclusions included and are augmented by the following.

Although Debtors have been conclusively found to have engaged in wrongful acts and omissions, both before and during their prior chapter 7 case (Case No. 9:19-bk-11016-RC; Adv. No. 9:19-ap-01052-RC, adv. dkt. 160), and although this Court has *not presumed* that Debtors could be trusted in this subsequent bankruptcy case to be

fully transparent about their disposable income, their assets, and other matters, nevertheless this Court must make its decisions based on the evidence in the record, and this Court is persuaded that Debtors have met their burdens to confirm their Plan under § 1325, including on the issue of having *proposed their plan* in good faith, for the following reasons. See generally, e.g., *In re Welsh,* 711 F.3d 1120, 1123 (9th Cir. 2013) (citing and quoting *In re Leavitt,* 171 F.3d 1219, 1224 (9th Circuit 1999)); *and see Garvin v. Cook Investments NW, SPNWY, LLC,* 922 F.3d 1031, 1035 (9th Cir. 2019) (construing language of § 1129(a)(3) identical to language of § 1325(a)(3)), *and In re Escarcega,* 573 B.R. 219, 241 (9th Cir. BAP 2017) (generalized test for good faith is "whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner") (citation and internal quotation marks omitted). See also Rule 43(c) (Fed. R. Civ. P., incorporated by Rule 9017, Fed. R. Bankr. P.) (live testimony not required for contested matters).

(1) Of paramount importance, Debtors have agreed that they will not be granted any discharge of their debts in this bankruptcy case (and this Court is expressly relying on Debtors' agreement, notwithstanding any "boilerplate" language that could be read to the contrary in their proposed Plan or in any confirmation order, and notwithstanding any possible contrary arguments). (2) Debtors have substantially reduced their proposed monthly expenses. (3) Debtors have provided information to the Chapter 13 Trustee to verify their income, expenses, assets, and liabilities. (4) The tax authorities and other creditors have had opportunities to file proofs of claim (at little or no expense), and in addition creditors and the Chapter 13 Trustee have had opportunities to attempt to uncover any undisclosed revenues or assets, or otherwise maximize recoveries (although admittedly those remedies sometimes can be cost-prohibitive). (6) Outside of bankruptcy, creditors almost certainly would have no greater ability to uncover any hidden income or assets, nor would they have any greater remedies – to the contrary they would appear to have fewer such abilities and remedies. (7) In the event that post-

confirmation creditors do uncover hidden income or assets, or other misconduct, their remedies include (a) seeking to vacate confirmation of the Plan, within 180 days (11 U.S.C. § 1330), (b) seeking to modify the Plan to increase payments, throughout the entire term of the Plan (11 U.S.C. § 1329), and (c) seeking sanctions (although not discussed at the hearing, such sanctions might include, for example, coercive contempt sanctions, including incarceration, in the event that Debtors do not cooperate in fulfilling their duties such as recovering any hidden assets).

    For all of these reasons, and any additional reasons stated at the above-captioned hearing, this Court will be issuing a separate order confirming Debtors' chapter 13 Plan.

###

Date: March 21, 2024

Neil W. Bason
United States Bankruptcy Judge